# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

MANDI T. GRIFFIN,

          Plaintiff,

    -v.-                7:14-CV-504 (MAD/ATB)

JOHN or JANE DOES, et al.,

          Defendants.

MANDI T. GRIFFIN, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the Court for review a complaint, together with an application to proceed in forma pauperis (IFP) (Dkt. Nos. 1, 2), filed by plaintiff Mandi T. Griffin. (Dkt. Nos. 1, 2). Plaintiff brings this complaint on a form for complaints pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Compl. at 1) (Dkt. No. 1). However, in the body of the complaint, plaintiff cites the Americans with Disabilities Act, ("ADA"),[1] and the Rehabilitation Act of 1973.[2]

Plaintiff appears to be complaining about the medical care received by "V.G.," who the court assumes was plaintiff's child. Plaintiff seeks injunctive relief in the form of an order that "all Army bases [] be in compliance according to A.D.A. standards of medical care for children. (Compl. CM/ECF p.7). Plaintiff also seeks twenty million

---

[1] 42 U.S.C. § 12132 et seq.

[2] The complaint lists the "Rehabilitation Act of 1964," however, this is not a correct citation. Plaintiff must be referring to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). The court notes that it is the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and plaintiff may have confused the two dates.

dollars in damages.

I. **IFP Application**

A review of plaintiff's IFP application shows that plaintiff declares she is unable to pay the filing fee. (Dkt. No. 7). This court agrees, and finds that plaintiff is financially eligible for IFP status. In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.  Facts

In her complaint, plaintiff claims that the defendants were deliberately indifferent to the medical care of "V.G." when they failed to provide V.G. with "the proper adaptive equipment, [and] proper formula for proper nutrition . . . ." (Compl. at CM/ECF p.5, First Cause of Action). Plaintiff claims that the U.S. Army's "deliberate negligence" revealed "malfeasance." (Compl. CM/ECF p.4). Plaintiff also states that defendants were "deliberately indifferent" to V.G.'s need for medical care when "Private Daryl A. Griffin" was sent home with a blue catheter as a substitute for V.G.'s gastrointestinal tube. Plaintiff states that "this action," as well as "the events surrounding such" violated V.G.'s Fifth, Eighth, and Fourteenth Amendment rights, and that V.G. was "entitled to equal protection from cruel and unusual punishment." (Compl. CM/ECF p.6, Second Cause of Action). Plaintiff claims that the defendants' deliberate indifference was "one prelude to [V.G.'s] untimely death." (Compl. CM/ECF p.4, Facts).

The court notes that there are multiple reasons why this case should be dismissed sua sponte, and will outline some of those reasons below.

## IV. Standing

### A. Legal Standards

Standing is the threshold question in every federal case and implicates the court's subject matter jurisdiction. *Cohan v. Movtady*, 751 F. Supp. 2d 436, 439 (E.D.N.Y. 2010) (quoting *Ross v. Bank of America*, 524 F.3d 217, 222 (2d Cir. 2008)). Thus, standing may be raised sua sponte by the court. *Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care LLP*, 433 F.3d 181, 198 (2d Cir. 2005) (citations omitted). To establish constitutional standing the plaintiff must have suffered an injury in fact, that is distinct and palpable, and the injury must be fairly traceable to the challenged action, and must be likely redressable by a favorable decision. *Ross v. Bank of America*, 524 F.3d at 222 (citing *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006) (quotation omitted)). In *Morgan v. City of New York*, 166 F. Supp. 2d 817, 819 (S.D.N.Y. 2001), the court held that a parent could not bring a civil rights action based upon the deprivation of her daughter's constitutional rights.[3]

### B. Application

It is unclear, but plaintiff appears to be suing on her own behalf for injuries to her child that were allegedly caused by defendants. Based on the above, plaintiff has no standing to do so. While there are situations in which a parent may bring an action on behalf of a child, plaintiff's child is dead, and plaintiff is not, and cannot purport to

---

[3] The court also notes that even if plaintiff were trying to bring an action on behalf of her daughter, a non-attorney parent must be represented by counsel in bringing an action on behalf of a child. *Cheung v. Youth Orchestra Foundation of Buffalo*, 906 F.2d 59 (2d Cir. 1990). An exception to this rule, not applicable in this case is found in the area of Social Security law. *Maldonado ex rel. Maldonado v. Apfel*, 55 F. Supp. 2d 296, 302 (S.D.N.Y. 1999).

bring this action on V.G.'s behalf. *See Torres v. Howell*, No. 3:03-CV-2227, 2006 WL 1525942, at *8 (D. Conn. May 30, 2006) (discussing parental standing). The court in *Torres* held that there was no constitutional harm to a plaintiff's parental rights cognizable under section 1983 unless the parent-child relationship was targeted, such as when the issue is custody. *Id.* (citations omitted). *See Love v. Riverhead Central School Dist.*, 823 F. Supp. 2d 193, 200 (E.D.N.Y. 2011).

The same principle is applicable to any *Bivens* action asserted by this plaintiff. In this case, plaintiff discusses only the constitutional and statutory rights of V.G. There is never an assertion or discussion of plaintiff's rights or how they were violated by the allegedly inappropriate medical care. Thus, to the extent that plaintiff is attempting to bring a damage action based on the alleged constitutional or statutory violations suffered by her daughter, plaintiff has no standing to do so. *See also Igartua v. Elmhurst Hosp. D-11 Psych. Ward*, No. 09-CV-3287, 2011 WL 1337494, at *5 (E.D.N.Y. Mar. 17, 2011) (dismissing action to the extent that plaintiff was asking for recovery based on injuries to her infant).

V. **Statute of Limitations**

    A. **Legal Standards**

Plaintiff has asserted claims under *Bivens* for alleged constitutional violations against her daughter by federal officials acting in their individual capacity. In a *Bivens* action, the victim of constitutional violations by federal officials may recover damages despite the absence of a statute specifically conferring such a cause of action. *Robinson v. Overseas Military Sales*, 21 F.3d 502, 510 (2d Cir. 1994). The statute of limitations for a *Bivens* action is borrowed from the state statute of limitations for personal injury

5

actions under the law of the state in which the federal court sits, as is the limitations period for civil rights actions under 42 U.S.C. § 1983. *Owens v. Okure*, 488 U.S.235, 250-51 (1987) (section 1983); *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011) (*Bivens*); *Woolsey v. County of Suffolk*, No. 11-CV-4806, 2014 WL 1010640, at *6 (E.D.N.Y. March 14, 2014) (*Bivens*) (citing *Latimore-El v. Doe*, No. 12-CV-621, 2012 WL 2131539, at *2 (E.D.N.Y. June 12, 2012)). The statute of limitations for ADA and Rehabilitation Act claims is also three years from the date of accrual. *Chisolm v. United of Omaha Life Ins. Co.*, 514 F. Supp. 2d 318, 326 (D. Conn. 2007) (citations omitted) (ADA); *Doyle v. United Airlines, Inc.*, 914 F. Supp.2d 325, 334 (E.D.N.Y. 2012) (Rehabilitation Act).

Thus, unless the limitations period is tolled for some reason, a plaintiff must file her *Bivens* action within three years of the accrual of each cause of action. Federal law, governs the question of when the claim accrues. *Covington v. City of New York*, 171 F.3d 117, 121 (2d. Cir. 1999) (citing *Morse v. University of Vermont*, 973 F.2d 122, 125 (2d. Cir. 1992)). Generally, under federal law, a cause of action accrues when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (internal quotation marks omitted)). Although federal law determines when plaintiff's claim accrues, state tolling rules determine whether the limitations period has been tolled. *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 1997).

Generally, the court will also consider whether the statute of limitations should be "equitably" tolled. However, equitable tolling is applied only in "rare and exceptional circumstances." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005).

6

The party seeking equitable tolling must establish that extraordinary circumstances prevented her from filing the complaint on time, and that she acted with reasonable diligence throughout the period that she seeks to toll. *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (citation omitted). The party seeking tolling bears the burden of proving diligence. *Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006).

Although the statute of limitations is an affirmative defense, and must generally await a defense motion, dismissal is appropriate when the facts supporting the statute of limitations defense are set forth in the papers that plaintiff herself submitted. *Messeroux v. Maimonides Medical Center*, No. 11-CV-5343, 2013 WL 2414690, at *1 (E.D.N.Y. May 31, 2013) (citing *Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980)). This action is one of the cases in which the running of the statute of limitations is clear from the face of the complaint and the facts stated by plaintiff even though she does not indicate when the alleged constitutional violations occurred.

B.  **Application**

One of the problems in this complaint is that plaintiff never indicates when the defendants' actions allegedly occurred. With such an omission, normally, it would be impossible to determine if the statute of limitations had run. However, the court properly takes judicial notice that plaintiff is now incarcerated for the murder of her three-year-old handicapped child. *See People v. Griffin*, 48 A.D.3d 1233, 851 N.Y.S.2d 808 (4th Dep't 2008). Plaintiff has been incarcerated since 2006 for this crime.

Clearly, plaintiff's claims with respect to her daughter would have accrued no later than the date of V.G.'s death, which obviously occurred before plaintiff was convicted of the homicide. Even if plaintiff were referring to another child, plaintiff

7

has still been incarcerated since 2006, and anything that occurred with respect to any child would have occurred prior to plaintiff's incarceration. Although the court did not receive plaintiff's complaint until May 1, 2014, plaintiff signed the complaint on February 7, 2014. (Compl. at p.7). Even giving plaintiff the benefit of finding that the complaint was filed on February 7, 2014, the statute of limitations for all plaintiff's claims has long since run.

The court has considered possible equitable tolling of the statute of limitations, and finds that there is no basis for equitable tolling in this action. Whatever happened prior to her child's death was well known to the plaintiff, and there is no reason to have waited this long to file an action. Thus, the case may be dismissed based on statute of limitations grounds.

## VI. **Personal Involvement**

### A. **Legal Standards**

In order to maintain a civil right action, a plaintiff "must show some tangible connection between the constitutional violation alleged and [a] particular defendant." *Toole v. Connell*, 9:04-CV-724 (LEK/DEP), 2008 WL 4186334, at *6 (N.D.N.Y. Sept. 10, 2008). Personal involvement is a prerequisite to the assessment of damages in a section 1983 case, and *respondeat superior* is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). The same law is applicable to *Bivens* actions.

In *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986), the Second Circuit detailed the various ways in which a defendant can be personally involved in a constitutional deprivation, and thus be subject to individual liability. A supervisory

official is personally involved if the supervisor directly participated in the infraction. *Id.* The defendant may have been personally involved if, after learning of a violation through a report or appeal, he or she failed to remedy the wrong. *Id.* Personal involvement may also exist if the official created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue. *Id.* Finally, a supervisory official may be personally involved if he or she were grossly negligent in managing subordinates who caused the unlawful condition. *Id. See also Iqbal v. Hasty*, 490 F.3d 143, 152-53 (2d Cir. 2007) (citing *Colon v. Coughlin*, 58 F.3d 865, 873) (2d Cir. 1995)), *rev'd on other grounds*, 556 U.S. 662 (2009).

### B. Application

In this case, plaintiff does not actually name any defendants. She names "the General" and John or Jane Does. She does not allege how the General at Fort Drum could possibly have been involved in giving Daryl Griffin an incorrect catheter for V.G. Plaintiff states generally that the defendants' lack of proper medical care somehow was a "prelude" to V.G.'s untimely death. Plaintiff has simply failed to allege either personal involvement or any constitutional violations with enough specificity to state a claim. It is well-settled that "complaints relying on civil rights statutes are insufficient unless they contain some specific allegation of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987).

### VII. ADA and Rehabilitation Act

### A. Legal Standards

In order to state a claim under section 504 of the Rehabilitation Act, a plaintiff

9

must show that he or she (1) has a disability for purposes of the Act; (2) that she was "otherwise qualified" for a benefit that she was denied; (3) that she was denied the benefit solely because of her disability; and (4) that the benefit is part of a program or activity that receives federal financial assistance. *Romano v. SLS Residential, Inc.* 246 F.R.D. 432, 440 (S.D.N.Y. 2007). Under the ADA, the plaintiff must establish that she (1) is a qualified individual with a disability; (2) is being excluded from participation in, or being denied benefits of some service, program or activity by reason of his or her disability; and (3) the entity providing the service is a public entity. *Allah v. Goord*, 405 F. Supp. 2d at 274.

The Second Circuit has held that section 504 prohibits discrimination against a handicapped individual "only where the individual's handicap is unrelated to, and thus improper to consideration of, the services in question." *Cushing v. Moore*, 970 F.2d 1103, 1109 (2d Cir. 1992). In *Cushing*, the court found that plaintiffs did not state a claim for denial of methadone by a methadone clinic because the Rehabilitation Act does not create a cause of action based on a handicap that gives rise to the need for the services. *Id.* In *Romano*, the court stated that if the psychiatric services were the very services that brought plaintiffs to the program, then plaintiffs could not bring suit under the Rehabilitation Act challenging those services. 246 F.R.D. at 440 (citing *Grzan v. Charter Hosp.*, 104 F.3d 116, 123 (7th Cir. 1997) (Section 504 does not provide a federal malpractice tort remedy)).

In *Doe v. Pfrommer*, the Second Circuit made a similar finding in an action in which plaintiff was challenging the substance of services provided to him through a vocational program for which he was qualified only because of his disability. *Doe v.*

*Pfrommer*, 148 F.3d 73, 83-84 (2d Cir. 1998). The court in *Doe* stated that the purpose of the ADA and the Rehabilitation Act was to ensure that handicapped individuals receive "evenhanded treatment" in relation to non-handicapped individuals. *Id.* at 83. Thus, neither the ADA nor the Rehabilitation Act established an obligation to meet a disabled persons needs in relation to other disabled persons. *Id.* (citations omitted).

    **B.    Application**

In this case, even liberally construed, plaintiff is simply attempting to bring a malpractice action in the guise of an ADA or Rehabilitation Act claim because V.G. was handicapped. Plaintiff's claims (even assuming that she could bring them on behalf of her child) have nothing to do with the child being denied the benefits of a program or the benefit of services because of her handicap. Thus, plaintiff states no claims under either statute.

**VII.  Opportunity to Amend**

    **A.    Legal Standard**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

    **B.    Application**

In this case, the court finds that any attempt of the plaintiff to amend this complaint would be futile. There is no amendment that would allow plaintiff, acting pro se, to bring an action on her own behalf, based upon injuries to her daughter. There is also no amendment to this action that would allow plaintiff to state a claim within the

11

statute of limitations, nor would she be able to amend to state a claim against any defendants, named or otherwise, under the Constitution or under any of the statutes she lists.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that the plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report. Any objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: May 6, 2014

Hon. Andrew T. Baxter
U.S. Magistrate Judge