**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MANDI GRIFFIN, also known as
Mandi T. Griffin**

                             **Plaintiff,**

    vs.                                             **7:14-cv-00504
                                                           (MAD/ATB)**

**JOHN or JANE DOE(S),** *et al.***,**

                             **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**MANDI GRIFFIN
06-G-0281**
Bedford Hills Correctional Facility
P.O. Box 1000
247 Harris Road
Bedford Hills, New York 10507
Plaintiff *pro se*


**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On May 1, 2014, Plaintiff commenced this action *pro se* pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973. *See* Dkt. No. 1. Plaintiff asserts that unnamed medical professionals and an unnamed general at the Fort Drum U.S. Army base provided inadequate medical care to her daughter, V.G. *See id.* at 5-6. Plaintiff alleges that Defendant(s)' actions violated V.G.'s constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments, as well as her rights under the ADA and the Rehabilitation Act. *See id.*

In an Order and Report-Recommendation dated May 6, 2014, Magistrate Judge Andrew T. Baxter granted Plaintiff's in forma pauperis ("IFP") application for purposes of filing only and recommended that Plaintiff's complaint be dismissed as frivolous and for failure to state a claim. *See* Dkt. No. 4. Specifically, Magistrate Judge Baxter first found that Plaintiff did not have standing to sue on her own behalf for the alleged deprivations of V.G.'s constitutional and statutory rights. *Id.* at 4-5. To the extent that Plaintiff's complaint could be read as bringing an action on behalf of V.G., Magistrate Judge Baxter noted that Plaintiff was not permitted to bring such an action *pro se*. *Id.* at 4 n.3. Magistrate Judge Baxter also found that Plaintiff's claims were time barred and that there was no basis for equitably tolling the applicable statutes of limitations. *Id.* at 7-8. Furthermore, Magistrate Judge Baxter found that Plaintiff failed to allege the personal involvement of any Defendant in a constitutional deprivation and did not allege any constitutional violation with the requisite specificity to state a claim. *Id.* at 9. With regards to Plaintiff's ADA and Rehabilitation Act claims, Magistrate Judge Baxter found that Plaintiff failed to allege that V.G. was denied the benefits of a program or services because of V.G.'s handicap. *Id.* at 11. Finally, Magistrate Judge Baxter found that permitting amendment would be futile and therefore recommended that the Court dismiss the complaint with prejudice. *Id.* at 11-12. The Court received Plaintiff's objections to the Order and Report-Recommendation on June 2, 2014. *See* Dkt. No. 7.

## II. DISCUSSION

**A.     Plaintiff's objections**

In her objections to Magistrate Judge Baxter's Order and Report-Recommendation, Plaintiff first objects to "the Court's assignment of a Magistrate" without Plaintiff's consent and asserts that "the Magistrate lacks authority to enter final judgment." *See id.* at 1. Plaintiff also

objects to Magistrate Judge Baxter's recommendation that her complaint be dismissed based on lack of standing. *See id.* at 2. Plaintiff appears to agree that she cannot bring an action on behalf of V.G. *pro se*, but argues that the Court must permit her to obtain counsel and proceed with her action. *See id.* Plaintiff further objects to Magistrate Judge Baxter's Report-Recommendation on the grounds that Plaintiff's grief and "unawareness of [the] full effects" of Defendant(s)' purported conduct justify equitable tolling of the statute of limitations. *See id.* at 3-4. Additionally, Plaintiff objects to Magistrate Judge Baxter's findings that she has not alleged conduct that violates the ADA or Rehabilitation Act. *See id.* at 5-6. Finally, Plaintiff asserts that Defendant(s) are not entitled to qualified immunity. *See id.* at 7-8.

**B.     Standard of review**

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "the court has the duty to show liberality towards *pro se* litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable

3

allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)) (internal quotation marks omitted). However, this does not mean that a *pro se* litigant is excused from following procedural requirements. *See id.* (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *2 (S.D.N.Y. May 16, 2001)).

Dispositive motions may be referred to a magistrate judge for proposed findings of fact and recommendations for the disposition of the motion by the district court. 28 U.S.C. § 636(b)(1)(B). For this type of referral, "[n]o consent of the parties is required because the magistrate judge is not issuing a final decision on the motion, but rather is recommending a decision to the district judge to which the plaintiff will have the opportunity to object if he disagrees with the determination." *Van Gorder v. Lira*, No. 9:08-CV-281, 2010 WL 1235328, *1 n.1 (N.D.N.Y. Mar. 15, 2010).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**C.    Application**

In the present matter, Plaintiff appears to read Magistrate Judge Baxter's Order and Report-Recommendation as ordering the dismissal of Plaintiff's complaint. *See* Dkt. No. 7 at 1. However, Magistrate Judge Baxter in fact issued a recommendation to this Court that it dismiss Plaintiff's complaint. *See* Dkt. No. 4 at 12. As Magistrate Judge Baxter has not issued a dispositive order, Plaintiff's claim that the Court may not refer this case to Magistrate Judge Baxter for report and recommendation without Plaintiff's consent is unavailing.

Plaintiff's objection to the dismissal of her complaint on the ground that she should be permitted to seek counsel is not without merit. Plaintiff concedes that she cannot sue on behalf of her minor child *pro se*, but argues that under *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59 (2d Cir. 1990), she should be permitted the opportunity to retain counsel. *See* Dkt. No. 7 at 2. The Court agrees that dismissing Plaintiff's complaint solely on this ground without permitting Plaintiff the opportunity to seek counsel would be improper.

However, the Court finds that Magistrate Judge Baxter correctly determined that Plaintiff's claims are time barred. As Magistrate Judge Baxter explained, Plaintiff's constitutional, ADA, and Rehabilitation Act claims are subject to a three-year statute of limitations period from the date her claim accrued. Construing Plaintiff's complaint liberally in light of her *pro se* status, to the extent that it can be read as alleging a tort claim against Defendant(s) acting in their official capacities, pursuant to the Federal Tort Claims Act, such claim must be presented to the appropriate federal agency within two years of accrual. *See* 28 U.S.C. § 2401(b). Plaintiff has not alleged that she raised a tort claim with the appropriate federal agency. Moreover, Plaintiff does not object to Magistrate Judge Baxter's finding that her claims accrued no later than 2006. Therefore, the statutes of limitations for Plaintiff's claims ran long prior to her filing of her complaint, even accepting February 7, 2014 as the filing date.

Plaintiff's assertion that the applicable limitations periods should have been tolled by her grief, mental anguish, and purported prior unawareness that Defendant(s)' alleged actions "may very well [have been] a contribution to V.G.'s untimely death" is unavailing. *See* Dkt. No. 7 at 3-4. Although mental illness can warrant equitable tolling of a statute of limitations in extraordinary circumstances, a plaintiff seeking equitable tolling on this basis "must offer a 'particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights.'" *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) (quoting *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)). Here, Plaintiff has offered no evidence of her claimed mental anguish or how it affected her ability to file her claims within the statutory deadlines, which passed at least five to six years prior to her commencement of this action. Courts in this circuit have routinely rejected similar claims as insufficient to establish the extraordinary circumstances required for equitable tolling. *See, e.g.*, *Boos*, 201 F.3d at 185 (rejecting equitable tolling where the plaintiff offered a conclusory, vague statement that she suffered from paranoia, panic attacks, and depression); *Thomas v. Burmax Co., Inc.*, No. 12-CV-6363, 2013 WL 6681616, *5 (E.D.N.Y. Dec. 18, 2013) (denying equitable tolling where the plaintiff claimed he suffered from depression and post-traumatic stress disorder that rendered him in a debilitated state); *Chalom v. Perkins*, No. 97 Civ. 9505, 1998 WL 851610, *6 (S.D.N.Y. Dec. 9, 1998) (finding the plaintiff's claim of mental anguish and stress insufficient to satisfy the high standard for equitable tolling); *Brundin v. United States*, No. 95 Civ. 2689,1996 WL 22370, *5 (S.D.N.Y. Jan. 19, 1996) (holding that the plaintiff's grief at the unexpected death of her father did not warrant equitable tolling).

Further, Plaintiff alleged no facts from which the Court can conclude that she was previously unaware of her claims against Defendant(s). "The concept of equitable tolling is

6

grounded in the notion that a statute of limitations should not run against a plaintiff who lacks actual knowledge of the facts that comprise her cause of action." *Krish v. Conn. Ear, Nose & Throat, Sinus & Allergy Specialists, P.C.*, 607 F. Supp. 2d 234, 328 (D. Conn. 2009). Plaintiff has failed to demonstrate how she recently learned, more than eight years after Plaintiff's conviction for the murder of her child, that Defendant(s)' actions allegedly contributed to her daughter's death. Accordingly, Plaintiff has not alleged sufficient facts to warrant equitable tolling of the limitations periods applicable to her claims.

Although it is unnecessary for the Court to consider the sufficiency of Plaintiff's pleadings in light of the fact that Plaintiff's claims are time barred, the Court nonetheless concludes that Plaintiff's objections to Magistrate Judge Baxter's analysis of her ADA and Rehabilitation Act claims are unfounded. Plaintiff essentially argues that the ADA and Rehabilitation Act are applicable because her daughter was deprived of medical equipment she needed to perform daily life activities because of her handicap. *See* Dkt. No. 7 at 5-6. As discussed in the Order and Report-Recommendation, the ADA and Rehabilitation Act apply only where a disabled person is denied a benefit extended to non-handicapped individuals. Plaintiff does not allege that Defendant(s) denied V.G. any benefit or service provided to non-handicapped persons. Therefore, the Court finds that Plaintiff has not stated a claim under the ADA or Rehabilitation Act.

Finally, the Court notes that Magistrate Judge Baxter did not rely on qualified immunity as a ground for dismissing Plaintiff's complaint. To the extent that Plaintiff's discussion of qualified immunity can be read as objecting to Magistrate Judge Baxter's finding that Plaintiff has failed to allege constitutional violations with sufficient specificity to state a claim, Plaintiff's argument is unavailing. The only facts that Plaintiff alleged are that Defendant(s) "failed to

provide V.G. with adequate medical care," "fail[ed] to provide V.G. with the proper adaptive equipment, [and] proper formula for proper nutrition," "sent [Private Darryl A. Griffin] home with a blue catheter as a substitution for V.G.'s Gastrointestine [sic] tube," and did not "construct a medicine pole for V.G." Dkt. No. 1 at 4-6; Dkt. No. 7 at 6. Plaintiff failed to state the nature of V.G.'s constitutional rights which were allegedly infringed upon, other than to name the First, Fifth, Eighth and Fourteenth Amendments. *See* Dkt. No. 1 at 5-6. Plaintiff's objections to Magistrate Judge Baxter's Report-Recommendation provided no further explanation as to Plaintiff's constitutional claims, merely stating that "V.G.'s rights were clearly violated." *See* Dkt. No. 7 at 7. Plaintiff's allegations are not sufficiently specific to indicate a deprivation of rights. Further, the Court agrees with Magistrate Judge Baxter that Plaintiff has not alleged any action taken by any individual Defendant that would establish personal involvement in the alleged constitutional violations.

The Court recognizes that a *pro se* litigant should normally be granted leave to amend his or her complaint at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)) (internal quotation marks omitted). However, in light of the fact that Plaintiff's claims are time barred, Magistrate Judge Baxter correctly concluded that amendment would be futile.

Based on the foregoing, the Court finds that Magistrate Judge Baxter correctly determined that Plaintiff's complaint should be dismissed with prejudice.

**D.     Leave to appeal IFP**

Pursuant to 28 U.S.C. § 1915(a)(3), the Court hereby certifies that any appeal of this Order sought by Plaintiff would not be taken in good faith. If on consideration of a plaintiff's application for leave to appeal IFP, the court is "conscientiously convinced that there is no substantial question for review and that an appeal will be futile, or . . . convinced that there is no reasonable basis for the claims of alleged error," the court must certify that the appeal is not taken in good faith. *United States v. Farley*, 238 F.2d 575, 576 (2d Cir. 1956) (internal citations and quotation marks omitted). In light of the fact that the limitations period for any conceivable claim by Plaintiff arising out of the facts alleged in her complaint passed well over five years ago and that Plaintiff has alleged no facts that would justify equitable tolling, the Court finds that an appeal by Plaintiff would not pose any non-frivolous issue for review. Therefore, the Court denies leave to appeal to the Court of Appeals IFP.

### III. CONCLUSION

After carefully reviewing Magistrate Judge Baxter's Report-Recommendation, Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Baxter's May 6, 2014 Order and Report-Recommendation (Dkt. No. 4) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 23, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge